UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CRYSTAL LONG, ET AL.,<br>Plaintiffs | CIVIL ACTION NO. 1:16-CV-00430 |
| VERSUS | CHIEF JUDGE DRELL |
| INTERNATIONAL PAPER CO.,<br>ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand (Doc. 13) filed by Plaintiffs, Crystal and David Long. Plaintiffs argue that the sole non-diverse Defendant, Hunter Whiteley ("Whiteley"), was properly joined. However, Plaintiffs have failed to establish an executive-officer liability claim against Whiteley under Louisiana law. Accordingly, Whiteley was improperly joined and should be dismissed from this lawsuit. Absent Whiteley, complete diversity exists, and remand is unwarranted.

I. Background

A. Factual History

David Scott Long ("Long") was killed in an industrial accident at the International Paper Mill (the "Mill") in Campti, Louisiana. Plaintiffs are Long's surviving wife and son.

At the time of the accident, Long and two coworkers were building a scaffold over the drive shaft and motor of Paper Machine #1 (the "Machine") at the Mill. During the work, Long's safety lanyard became entangled in the Machine's drive shaft. Long was pulled into the Machine's drive shaft, which caused his death.

Plaintiffs allege no protective cover was installed over the Machine's drive shaft or motor. Plaintiffs further allege that Defendants and their "agents and employees" were aware that the Machine presented an unreasonably dangerous working environment, but failed to warn Long, provide Long with adequate safety equipment, and failed to stop the Machine while Long was working above it.

Whiteley was the Mill's Plant Manager. Plaintiffs allege that Whiteley "and/or persons under his supervision and control, and for whom he was responsible": (1) "were personally, subjectively and actually aware of the hazards presented by the scaffolding over the exposed rotating drive shaft . . . and that the exposed rotating machine was substantially certain to cause injury"; and (2) took no steps to "alleviate, remediate, eliminate, obviate, ameliorate or eradicate the extremely hazardous nature of the exposed rotating machinery under the scaffolding, or to warn employees of the tremendous danger posed by the rotating machinery." (Doc. 1-3, p. 3).

### B. Procedural History

Plaintiffs filed suit against International Paper Co. ("IP"), Brock Services, LLC, and Whiteley in the Tenth Judicial District Court in Natchitoches Parish, Louisiana. Plaintiffs asserted wrongful death and survival claims against all Defendants.

Defendants removed on the basis of diversity jurisdiction. Although Whiteley is not diverse, Defendants maintain Whiteley was improperly joined. Plaintiffs argue Whiteley was properly joined because they asserted a viable claim against him for

breach of duties delegated to him by IP. Plaintiffs do not contest the amount in controversy or any other aspect of Defendants' removal.

II. Law and Analysis

    A. Defendants bear the burden of establishing improper joinder.

A federal court's jurisdiction is limited to areas authorized by the United States Constitution and acts of Congress. See Scarlott v. Nissan N. Am., Inc., 771 F.3d 883, 887 (5th Cir. 2014). Remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

A federal court has "diversity jurisdiction" where the amount-in-controversy exceeds $75,000, exclusive of interest and costs, and where complete diversity exists. See 28 U.S.C. § 1332(a). The removing party bears the burden of establishing diversity jurisdiction. See Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 397 (5th Cir. 2013). "Any ambiguities are construed against removal and in favor of remand to state court." Id.

The doctrine of improper joinder is a narrow exception to the complete diversity requirement. Cuevas v. BAC Home Loans Servicing, LP, 648 F.3d 242, 249 (5th Cir. 2011). The removal statutes "entitle a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" Smallwood v. Illinois Cent. R. Co., 385 F.3d 568, 573 (5th Cir.2004) (citing 28 U.S.C. § 1441(b). "[T]he focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." Id.

"To establish improper joinder, the removing party must demonstrate either: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff

3

to establish a cause of action against the non-diverse party in state court.'" Cuevas, 648 F.3d at 249 (quoting Smallwood, 385 F.3d at 573). When, as here, the second method is at issue,

> the test is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. If there is no reasonable basis of recovery, then the court can conclude that the plaintiff's decision to join the in-state defendant was indeed improper, unless that showing compels the dismissal of all defendants.

Cuevas, 648 F.3d at 249 (internal citations and quotations omitted) (emphasis added).[1] "A mere theoretical possibility of recovery in state court will not preclude a finding of improper joinder." African Methodist Episcopal Church v. Lucien, 756 F.3d 788, 793 (5th Cir. 2014).

### B. Plaintiffs have not stated a viable claim against Whiteley.

Plaintiffs seek to recover against Whiteley under Louisiana's executive-officer liability doctrine. Pursuant to this doctrine, "a court may hold a corporate officer or employee individually liable for injuries to third persons under certain circumstances." Kemp v. CTL Distribution, Inc., 440 Fed.Appx. 240, 244 (5th Cir. 2011). In the doctrine's namesake opinion, Canter v. Koehring Co., the Louisiana Supreme Court set forth four requirements for establishing executive-officer liability: (1) the employer must owe a duty of care, and must breach that duty, causing damages to the third party; (2) the employer must have delegated that duty to the

---

[1] Defendants do not suggest there is actual fraud in the pleadings. Rather, Defendants argue that Plaintiffs cannot recover against Whiteley as a matter of law.

4

officer personally; (3) the officer must have breached the duty through personal, rather than technical or vicarious, fault; and (4) the officer's liability "may not be premised only upon general administrative responsibilities."  See Kemp, 440 Fed.Appx. at 244 (citing Canter, 283 So.2d 716, 721 (La. 1973)).

Defendants argue Plaintiffs have failed to adequately allege the second and third elements of Canter liability.  As to the second element of Canter liability – delegation of duty to the officer personally – allegations that an officer had general safety responsibilities are not sufficient.  See Kemp, 440 Fed.Appx. at 246.  Rather, a plaintiff must show that the officer owed a "specific duty" to the third party or that the officer breached some duty that "proximately caused" the third party's injury. Young v. Logue, 94-0585 (La.App. 4 Cir. 5/16/95, 21), 660 So.2d 32, 48, writ denied, 95-2575 (La. 12/15/95), 664 So.2d 443, and writ denied, 95-2585 (La. 12/15/95), 664 So.2d 443, and writ denied, 95-2597 (La. 12/15/95), 664 So.2d 444.  Moreover, the officer must have some "'personal contact with and responsibility towards the injured employee.'"  See Kemp, 440 Fed.Appx. at 246 (quoting Esco v. Smith, 468 So.2d 1169, 1175 (La. 1985)).

Here, Plaintiffs allege that Whiteley was the "Plant Manager," was "personally" and "subjectively" aware of the danger posed to Long by the Machine, and failed to alleviate that danger. (Doc. 1-3, p. 3).  However, Plaintiffs do not allege that IP delegated any duty to oversee the Machine, its safety mechanisms, or Long's work around the Machine, to Whiteley.  Courts routinely hold that similar allegations are insufficient to establish Canter liability.  See, e.g., Kemp, 440 Fed.Appx. at 246

5

("Plaintiffs have merely alleged that McLelland had general safety responsibilities. They have not alleged facts or identified evidence that create a possibility that McLelland owed a personal duty to Young to ensure that the trailer he worked on was toxin-free."); Carino v. Wal-Mart Louisiana, LLC, CIV.A. 05-1978, 2006 WL 335784, at *3 (W.D. La. Feb. 9, 2006) ("Thomas Nelson's duty to ensure the safety of patrons at Wal-Mart, store No. 543 is nothing more than an administrative responsibility. There is no such theory of recovery under Louisiana law."); Carter v. Wal-Mart Stores Inc., CIV.A. 04-0072, 2005 WL 1831092, at *3 (W.D. La. July 28, 2005) ("[T]here are no allegations here that Williams actively contributed in any way to the allegedly defective condition of the shelf. . . . This is a classic case of attempting to place liability upon an employee 'simply because of his general administrative responsibility for performance of some function of employment.'") (quoting Canter, 283 So.2d at 721).

Further, Defendants submit a sworn declaration signed by Whiteley. (Doc. 1-2). In the Declaration, Whiteley states that he had general administrative responsibilities at the IP Mill, which included "overseeing and managing the overall operations." (Id., p. 1). Whiteley did not "personally perform inspections, maintenance, or repairs or issue specific safety warnings." (Id., p. 2). Moreover, IP delegated safety issues "to other mill personnel and/or independent contractors," who were "supervised by other employees of [IP] and/or the independent contractors." (Id.). Accordingly, Defendants have offered uncontroverted evidence that Whiteley

had not been delegated any personal responsibility which may have borne upon Long's accident.

As to the third element of <u>Canter</u> liability – personal (as opposed to technical or vicarious) fault causing injury – Plaintiffs' allegations are again contradicted. Plaintiffs claim that Whiteley "and/or persons for whom he was responsible" failed to correct the conditions which gave rise to Long's accident, or to warn Long of those conditions. However, Plaintiffs fail to identify any specific failure on Whiteley's part which caused the accident, or any specific individuals for whom Whiteley was responsible who committed such a failure. Further, in his Declaration, Whiteley states that he was not present on the date of Long's accident, had no personal knowledge of the work being done by Long, and did not inspect or otherwise supervise any safety issues regarding the Machine.

Again, courts consistently find similar allegations and evidence do not establish personal fault. <u>See, e.g.</u>, <u>Gros v. Warren Properties, Inc.</u>, CIV.A. 12-2184, 2012 WL 5906724, at *10 (E.D. La. Nov. 26, 2012) ("Because Plaintiff has not alleged that Bodine actually knew about the allegedly defective condition of the lighting and failed to take steps to repair it or that Bodine was personally involved in creating the allegedly defective condition, it appears that Plaintiff is seeking to impose liability on Bodine for a breach of general administrative duties as a resident apartment manager to supervise, inspect, and test, rather than breach of a personal duty, which <u>Canter</u> prohibits."). Thus, Plaintiffs have not satisfied the third element of <u>Canter</u>.

The balance of Plaintiffs' allegations establish nothing more than Whiteley's general administrative responsibilities at the IP Mill. Without more specific allegations or evidence, Plaintiffs cannot recover against Whiteley under the last three elements of Canter.

### III. Conclusion

Whiteley's only connection to Long's accident was his general administrative responsibility at the IP Mill. Under settled Louisiana law, Whiteley may not be held liable on that basis alone. Plaintiffs have failed to allege a viable Canter claim against Whiteley. Accordingly,

IT IS HEREBY RECOMMENDED that the Motion to Remand (Doc. 13) filed by Plaintiffs, Crystal and David Long, be DENIED, and that Plaintiffs' claims against Defendant Hunter Whiteley be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14)

days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __20th__ day of September, 2016.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge