RECEIVED
JUL 20 2017
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CRYSTAL LONG AND DAVID DUWAYNE LONG | CIVIL ACTION NO. 1:16-CV-00430 |
| -vs- | JUDGE DRELL |
| INTERNATIONAL PAPER CO. AND BROCK SERVICES LLC | MAGISTRATE JUDGE PEREZ-MONTES |

## RULING

Before the Court is the motion of defendant International Paper Company ("International Paper"), for summary judgment. Doc. 22. Plaintiffs filed a response to the motion (Doc. 26), and International Paper filed a reply memorandum. Doc. 27. The matter is ready for disposition. For the following reasons, International Paper's Motion for Summary Judgment will be **GRANTED**.

I.   **Background and Procedural History**

Crystal and David Duwayne Long ("Plaintiffs") filed the original action in this case on March 1, 2016, in the 10th Judicial District Court (Natchitoches Parish, Louisiana). Defendants, International Paper and Brock Services, LLC ("Brock Services"), removed alleging complete diversity between the parties pursuant to 28 U.S.C. §1332. Doc. 1. International Paper is incorporated in New York with its principal place of business in Tennessee and Brock Services' sole member is Brock Holdings III, Inc., a Delaware corporation with a principal place of business in Texas. Doc. 1, p. 2. International Paper also averred Plaintiffs' claim for damages to

be in excess of $75,000, fulfilling the amount in controversy requirement for diversity jurisdiction.

This suit arises out of an accident resulting in David Long's ("Long") death that occurred at International Paper's Red River Mill (the "Mill") in Campti, Louisiana on March 2, 2015. Doc. 22-2, p. 1. At the time of the accident, International Paper had contracted with Brock Services to build scaffolding at the Mill over the Number 1 Paper Machine (the "Machine") to access a hydraulic leak near the lubrication tubing for repair. Id. at 2. Long and two co-workers, all employees of Brock, were actively constructing scaffolding on and over the seventh drive shaft and motor of the Machine, while the motor was in operation. Doc. 26, p. 5. Mr. Long's safety lanyard became entangled in the Machine's drive shaft and he was pulled in, leading to his death. Id.

Plaintiffs allege there was no guard or properly installed cover over the Machine's rotating motor. They also assert International Paper knew the area in which Long was working was unreasonably dangerous and did not attempt to warn him. Doc. 1-3, p. 2. Additionally, Plaintiffs claim that International Paper and Brock did not provide proper safety equipment; the safety equipment that was provided was also unreasonably dangerous. Doc. 1-3, p. 4. Finally, Plaintiffs assert that International Paper and Brock Services should be estopped from pleading statutory employer protection under the Louisiana's Workers' Compensation Law because, they say, Defendants acted intentionally in directing the scaffolding to be built near moving machinery and should have known that serious injury and/or death were substantially certain to follow from this conduct. Doc. 1-3, p. 4.

International Paper has filed the instant motion for summary judgment positing that at the time of his death, Long was acting in the course and scope of his employment; therefore, they

2

conclude, Plaintiffs' claims against International Paper are barred by the Louisiana Workers' Compensation Act because Plaintiffs have not stated a claim for an intentional tort against International Paper. Doc. 22, p. 2. Plaintiffs opposed the motion, arguing that International Paper knew that death and/or serious bodily injury was substantially certain to follow from Long's building of the scaffold, which is tantamount to an "intentional act" exception under the Louisiana Workers' Compensation Act. Doc. 26, p. 7. International Paper replied, stating the intentional act exception does not apply because it was the statutory employer under the Louisiana Workers' Compensation Act. Doc. 27, p. 1.

**II.   Law and Analysis**

**A.  Summary Judgment Standard**

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A motion for summary judgment must be supported by "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers or other materials." Fed. R. Civ. P. 56(c)(1)(A). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider "all evidence in the light most favorable to the party resisting the motion." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680 (5th Cir. 2011) (internal quotations omitted). In this analysis, we review facts and draw all inferences most favorable to the nonmovant, "[h]owever, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment." Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996). It is

important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, *and* (2) the movant is entitled to judgment as a matter of law.

### B. Analysis

After reviewing the motion, the Court finds that International Paper's Motion for Summary Judgment should be granted.[1] In the instant motion, International Paper takes the position that because it was Long's "statutory employer," Plaintiffs' sole remedy is through the Louisiana Workers' Compensation Act. Doc. 22-2, p. 9. While Plaintiffs' do not dispute that International Paper was Long's statutory employer, they do argue that an intentional act occurred because International Paper knew that death and/or seriously bodily injury was substantially certain to follow from its conduct, whatever its desire may have been to that result. Doc. 26, p. 7, 10. Under the Louisiana Workers' Compensation Act, an employee is limited to the remedies provided in the act for any claims an employee has arising out of injuries he allegedly sustained during the course and scope of his employment under his statutory employer. La. R.S. 23:1032. In effect the "statutory employer" is immune from tort liability as if it is the actual employer. Id. However, there is an exception for intentional acts committed by the employer or statutory employer. Id.

The Fifth Circuit has stated that a person acts intentionally if "the person either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that that result is substantially certain to follow from his conduct, whatever his desire may be as to that result." Swope v. Columbian Chemicals Co. 281 F.3d 185, 195 (5th Cir. 2002). Furthermore, in accord with the jurisprudence from the Louisiana Supreme

---

[1] The Court notes that no depositions or other testimony regarding possible factual disputes were filed in the record for this motion. Therefore after reviewing what is before us, there is no genuine dispute as to any material fact. We decide the motion on whether the mover is entitled to judgment as a matter of law.

4

Court, the Fifth Circuit defined "substantially certain to follow" as requiring "more than a reasonable probability that an injury will occur" and "'certain' has been defined to mean 'inevitable' or 'incapable of failing.'" Romero v. Northrop Grumman Corp. 44 Fed. Appx. 654, *3 (5th Cir. 2002) (quoting Reeves v. Structural Pres. Sys., 731 So. 2d 208, 213 (La. 1999). Finally, the appellate court states that "a distinguishing feature in determining whether the conduct complained of meets the 'substantial certainty' test is whether the event has occurred before or whether the injury has manifested itself before." Id. (quoting Abney v. Exxon Corp., 755 So. 2d 283, 288 (La. Ct. App. 1st Cir. 1999).

International Paper supports its motion for summary judgment by submitting a copy of a petition from an unrelated case referred to by Plaintiffs in their state court petition. Doc. 1-3, p. 4. In their original petition Plaintiffs attempt to supply the element of substantial certainty: that International Paper knew or should have known that death and/or injury was substantially certain to follow from Long's conduct because another death had recently occurred at the same Mill under "same or substantially similar conditions." Doc. 1-3, p. 4. However International Paper uses the petition in that case, Whitehead, et. al v. International Paper Co., et. al., Case No. 16-cv-00176, (Doc. 22-6) to show that since the death in the Whitehead case occurred in a different area of the Mill, it cannot satisfy the substantial certainty test. Doc. 22-2, p. 15-16. By way of analysis, we find the two cases are unrelated except for a common defendant, International Paper. The Whitehead case involved a contracted employee who entered an abandoned building near the Mill where he fell to his death through a corroded floor grating. Doc. 26-6, p. 3. The accident, factually, is completely different from present circumstances.

The Louisiana Supreme Court addressed a similar situation in Batiste v. Bayou Steel Corp, when the plaintiff in that case, also bringing suit under the intentional act exception to the

Louisiana Workers' Compensation Act, attempted to relate to another accident. Plaintiff claimed that Bayou Steel "was aware of a similar accident" that had occurred 5 years earlier and therefore Bayou Steel knew the accident was "substantially certain to occur." 45 So.3d 167, 169 (La. 2010). The Louisiana Supreme Court rejected the argument by stating that the earlier accident:

> occurred on a different piece of equipment located in a different area of the plant, and under different conditions. Moreover, even assuming for sake of argument the two accidents were factually similar, this court has held the mere fact an employer is aware of prior similar accidents is insufficient to establish an intentional act. Id. at n.2.

After reviewing the Louisiana Supreme Court's ruling in Batiste, we find no evidence that International Paper knew or had even reason to believe Long's accident was substantially certain to occur. Plaintiffs' accident in Whitehead was in a different building from the Long accident and Whitehead was engaged in a completely different activity at the time of his death. While International Paper was certainly aware of the earlier accident involved in Whitehead, Plaintiffs' reliance on this earlier case is insufficient to prove an intentional act to satisfy the exception to the Louisiana Workers' Compensation Act. Therefore, we find International Paper to be entitled to judgment as a matter of law.

### III. Conclusion

For the foregoing reasons, International Paper's Motion for Summary Judgment will be granted and Plaintiffs' claims will be dismissed, with prejudice. The court will issue a judgment in conformity with these findings.

Alexandria, Louisiana
July 20th, 2017

                                                  DEE D. DRELL, CHIEF JUDGE
                                                  UNITED STATES DISTRICT COURT